United States District Court
Eastern District of Tennessee

Energy and Policy Institute

Plaintiff,

v.

Tennessee Valley Authority

Defendant.

Civ. No. 3:19-cv-509

**Complaint for Declaratory and Injunctive Relief**

1.  Plaintiff Energy and Policy Institute ("EPI") brings this action under the Freedom of Information Act ("FOIA), 5 U.S.C. § 522 *as amended.*, to compel the Tennessee Valley Authority ("TVA") to produce records responsive to Plaintiff's FOIA request. Plaintiff alleges that Defendant TVA is improperly withholding responsive records.

2.  EPI seeks relief under the judicial review provisions of FOIA. *See* 5 U.S.C. § 522 (a)(4). TVA violates the FOIA by:

    (1) failing to conduct a reasonable search for records in response to a lawful request under the Act;

    (2) withholding portions of requested documents based on improper applications of FOIA exemptions;

    (3) declining to perform the Defendant agency's mandatory duty in providing reasonably segregable material from lawfully withheld records; and

(4) failing to respond with an adequate explanation for withholding information and materials.

## Jurisdiction and Venue

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

4. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1391.

## Parties

5. Energy and Policy Institute ("EPI" or "the Institute") is a watchdog group that uses research to inform the public, the media, and policymakers on energy and utility issues. In particular, EPI investigates special interest influence on energy policy. Informed by its investigative research, EPI provides insights on utility issues and energy policy to the public through online platforms and other channels. The Institute publishes articles on its website, and its work is featured by news and media organizations. In order to fulfill its mission, EPI uses public records from local, state, and federal agencies to understand and report on energy policy issues that affect consumers and citizens, including TVA customers. EPI's work is funded by charitable non-profit foundations concerned about the environment.

6. Tennessee Valley Authority ("TVA") is a government-owned corporation and power provider and is an "agency" within the meaning of the FOIA. 5 U.S.C. § 552 (f)(1).

7. Plaintiff EPI is adversely affected by Defendant TVA's improper denial of EPI's February 22, 2019 FOIA request. Without the requested information, EPI cannot fulfill its mission of informing the public about important energy policy. More specifically, EPI cannot report and analyze the issue at the core of its request: the nature of TVA's support for industry

trade associations and outside corporate interests, and whether those interests also influence TVA's energy, climate, health, and environmental policies.

**Statutory Background**

8. Under the Freedom of Information Act ("FOIA") an agency must make records available to any person upon proper request, unless it is shown that disclosure is exempt under one of nine exemptions contained within the statute. 5 U.S.C. §§ 552 (a)(3)(A), (b)(1)-(9).

9. When an agency receives a FOIA request, it is obligated to conduct a search for records using methods reasonably expected to produce the information requested. 5 U.S.C. § 552(a)(3); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)).

10. Within 20 working days of receiving a FOIA request, a federal agency shall make a determination whether to comply with such request. The agency also must notify the requestor of the reasons for the agency's determination, options for assistance through the FOIA Public Liaison, and in the event of an adverse determination, the right to seek an administrative appeal. 5 U.S.C. § 522 (a)(6)(A)(i).

11. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

12. This Court may assess attorney fees and litigation costs against the United States if EPI substantially prevails in this action. 5 U.S.C. § 522(a)(4)(E).

## Statement of Facts

**TVA membership in the Utility Air Regulatory Group and the Utility Solid Waste Activities Group**

13. The Utility Air Regulatory Group ("UARG") was an association of power generating companies and national trade associations coordinated through the law firm Hunton Andrews Kurth. UARG was involved in lobbying surrounding the Clean Air Act and pollution regulation as well as other activities. On numerous occasions, UARG had been a party in civil litigation opposing public health and environmental regulation.

14. In an April 25, 2019 letter to the U.S. House of Representatives Committee of Energy and Commerce Subcommittee on Oversight and Investigations, TVA stated that it had been a member of UARG since September 1987 and that it contributed $7.3 million to UARG since August 2001.

15. UARG operated for approximately 30 years before disbanding in May of 2019.

16. The Utility Solid Waste Activities Group ("USWAG") is a consortium of utility companies and trade groups including TVA.

17. According to the Edison Electric Institute, which shares a mailing address with USWAG, the consortium addresses solid and hazardous waste issues on behalf of the utility industry. USWAG is represented by Venable law firm. According to Venable's website, the firm engages in regulatory guidance, government matters, and litigation on behalf of USWAG.

18. USWAG filed suit against the Environmental Protection Agency ("EPA") challenging the agency's Coal Combustion Residuals Rule which addresses coal ash regulation. Coal ash is a byproduct of burning coal at coal-fired power plants. Proposed in 2010, after the Kingston, Tennessee coal ash spill, the rule was finalized by EPA in 2015 and was later challenged by USWAG.

19. Attorneys for USWAG petitioned former EPA Administrator Scott Pruitt to reconsider provisions of the Coal Combustion Residuals Rule, and on September 13, 2017, Administrator Pruitt wrote that EPA would reconsider provisions described in UWSAG's petition.

**Energy and Policy Institute's FOIA Request**

20. On February 22, 2019, EPI Research and Communications Manager Daniel Tait filed a FOIA request with TVA on behalf of EPI.

21. EPI's request related to TVA's membership in UARG and USWAG. EPI requested:

(1) financial records of TVA's payments to support the Utility Air Regulatory Group (UARG) in the years 2016, 2017, and 2018;

(2) financial records of TVA's payments to support the Utility Solid Waste Activity Group (USWAG) in the years 2016, 2017, and 2018;

(3) final reports, recommendations, or other records provided to TVA from UARG or USWAG; and

(4) all internal records related to the project containing Purchase Order 803756.

22. TVA granted in part and denied in part EPI's request for records and cited exemptions 5 U.S.C. § 552(b)(4) ("Exemption 4") and 5 U.S.C. § 552(b)(5) ("Exemption 5") as a basis for denial. TVA did not provide redacted documents or provide portions of documents withheld.

23. On March 1, 2019, TVA FOIA Officer Denise Smith acknowledged that TVA received the request and provided a tracking number: FOIA Request No. 5413. On March 25, 2019, Ms. Smith notified Mr. Tait that TVA would be unable to provide a response within the

20-day time limit and stated that regulations require TVA to provide "notice to submitters before the release of business information that may be confidential or competitively sensitive." She further indicated that "FOIA exemption 4 protects confidential commercial and financial information the release of which is likely to cause substantial competitive harm to the person or company who submitted it."

24. On April 10, 2019, the agency provided a final determination and response to EPI's FOIA request and released some records. TVA provided invoices in response to parts one and two of EPI's request, and TVA provided a copy of Purchase Order 803756. However, TVA did not provide other *records related to* Purchase Order 803756 as requested by EPI.

25. TVA wrote that it would not provide records responsive to part three of EPI's request and responded with the following:

> FOIA exemption 4 protects confidential commercial and financial information submitted to the government by an outside source. The government confidential commercial privilege under FOIA exemption 5 protects the government's confidential commercial information.

26. On April 12, 2019, Mr. Tait wrote an email to TVA FOIA Officer Ms. Smith and requested clarification regarding the agency's response. Regarding part three of EPI's request, Mr. Tait asked:

> Were any records found responsive to the request? Can you provide more details as to why they were withheld under Exemptions 4 and 5? Do both exemptions cover all of the material, or are some withheld for Exemption 4 and some for Exemption 5 purposes? Are there portions of the documents not subject to either Exemption that could be released?

Ms. Smith sent the following reply in response to all questions pertaining to part three of EPI's request: "We consider the records responsive to Item 3 protected. Both exemption 4 and 5 apply."

27. In the same April 2019 email, Mr. Tait made an inquiry regarding part four of EPI's request, which sought documents relating to Purchase Order 803756, and asked whether there were "any other records found beyond the purchase order itself? If so, were they withheld?" Ms. Smith replied that "[t]he invoice for 2015 UARG membership dues was the only record related to the purchase order."

28. On May 14, 2019, EPI administratively appealed TVA's final FOIA determination under the Act and TVA regulations. The administrative appeal alleged that TVA violated the FOIA by (1) failing to conduct an adequate search for responsive records, (2) neglecting to provide a proper final determination, (3) erroneously applying Exemption 4 and Exemption 5, and (4) failing to provide reasonably segregable material in response to EPI's request.

29. On June 12, 2019, Janet Brewer, Senior Vice President and Chief Communications & Marketing Officer replied to EPI's appeal in the form of an appeal decision. The appeal decision upheld TVA's final determination.

30. In the appeal decision, TVA did not address issues regarding the duty to segregate portions of exempt records under the FOIA, 5 U.S.C. § 522(b), or the reasonableness of the search conducted regarding parts three and four of EPI's request.

31. In its appeal decision, TVA asserts that FOIA statutory Exemption 5, 5 U.S.C. § 552 (b)(5), protects "confidential commercial information of the agency that would put the government at a competitive disadvantage."

32. TVA's appeal decision does not delineate which material it believes is eligible for withholding under Exemption 4 and which records are eligible for withholding under Exemption 5. The following explanation, however, was provided in pertinent part:

The reports you are requesting represent the intellectual property of UARG and USWAG for which they have sensitive commercial interest in keeping access limited to members. In addition, these reports are commercially sensitive to TVA itself as they could provide competitors with insight into TVA methodologies and commercial decisions that are proprietary to TVA, and disclosure of such information to the public at large could very well place TVA at a competitive disadvantage both to other power providers as well as to speculators and potential customers. Also, if TVA released these reports UARG, USWAG and other organizations to which TVA belongs or might belong may be unwilling to extend membership to TVA and other federal agencies out of fear that FOIA may be used as a backdoor to obtain information about their private members, thus, harming TVA's mission as it loses the ability to participate in these collaborative enterprises while TVA's competitors still can.

## Claims for Relief

### *Claim 1: TVA Failed to Fulfill Agency Obligations in Response to EPI's Request*

33. Paragraphs 1-32 above are incorporated by reference as if set forth fully here in this numbered paragraph.

34. Plaintiff EPI has exhausted the applicable administrative remedies with respect to Plaintiff's Freedom of Information Act request.

35. In response to a FOIA request, an agency must gather and review documents requested, determine and communicate what documents it intends to produce or withhold and the reasons for withholding any documents. 5 U.S.C. §§ 552 (a)(3)(A), (a)(6)(A). As of the date of this complaint, Defendant TVA has failed to provide a legally adequate final determination or summary explanation for withholding documents in response to Plaintiff's FOIA request.

36. Defendant has failed to conduct a reasonable search for records in regards to parts three and four of Plaintiff's lawful FOIA request. 5 U.S.C. § 552(a)(3).

37. When a request is denied, the agency must "make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such

estimate to the person making the request." 5 U.S.C. § 552 (a)(6)(F). Defendant has failed to provide an estimate of the volume of records withheld in response to Plaintiff's FOIA request.

38. Defendant TVA fails to provide Plaintiff responsive documents in violation of the FOIA. Defendant's unlawful withholding of requested records harms Plaintiff EPI. EPI has not been able to inform the media, the public, or policymakers about how the activities of a government agency are affecting regional and national energy policy.

39. TVA's violations of the FOIA with respect to its response to EPI's FOIA request entitle EPI to an award of reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E).

### *Claim 2: TVA unlawfully withheld agency records.*

40. Paragraphs 1-39 above are incorporated by references as if set forth fully here in this numbered paragraph.

41. Defendant TVA violates the FOIA by preemptively and wrongfully asserting that FOIA Exemptions 4 and 5 apply to all records requested in part three of Plaintiff EPI's FOIA request.

42. Defendant violates the Act by failing to make promptly available all non-exempt documents responsive to Plaintiff's request.

43. Defendant does not meet its burden in demonstrating that material requested is eligible for withholding as "trade secrets or confidential commercial information" under 5 U.S.C. § 522(b)(4) (Exemption 4).

44. Defendant does not meet its burden in showing that material requested in EPI's request is eligible for withholding as privileged under 5 U.S.C. § 522(b)(5) (Exemption 5).

45. Defendant TVA takes an impermissibly expansive approach to the application of FOIA Exemptions, and in doing so, creates a category of exempt material not recognized by statute. 5 U.S.C. § 552 (b)(1)-(9).

46. An agency has a duty to release "any reasonably segregable" portion of information that is not exempt under the FOIA to the person requesting documents from the agency. 5 U.S.C. § 522(b). Defendant fails to disclose information segregable from material which may have been lawfully withheld under FOIA Exemptions 4 or 5.

47. An agency may only withhold information subject to the FOIA and protected by a FOIA Exemption if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption" or "if disclosure is prohibited by law." The agency must also "consider whether partial disclosure of information is possible" and if so, it must "take reasonable steps necessary to segregate and release nonexempt information."
5 U.S.C. § 552(a)(8)(A). Defendant TVA has failed to fulfill its duty in this regard.

48. TVA's violations of the FOIA with respect to its unlawful withholding of records responsive to EPI's FOIA request entitle EPI to an award of reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E).

**Request for Relief**

Wherefore, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1) Declare that TVA's withholding of records is unlawful.

2) Enjoin TVA from withholding requested records and order the production of records improperly withheld;

3) Declare that the agency failed to respond to Plaintiff's FOIA request in the manner required under the Act;

4) Order TVA to produce all non-exempt portions of records that are responsive to EPI's FOIA request along with a *Vaughn* index of any responsive records withheld under a claim of exemption;

5) Grant the Plaintiff's costs of litigation, including reasonable attorney fees under 5 U.S.C. §552(a)(4)(E); and

6) Provide such other and further relief as the Court deems just and proper.

Dated December 12, 2019

                                      Respectfully submitted,

**Shelby R. B. Ward** (TN BPR 030394)
*Shelby Ward Law*
128 Whispering Oaks Drive
Lenoir City, TN 37771
(865) 205-6051
shelby@shelbywardlaw.com

**Allison Kole** (DC Bar # 1031724)
*Essential Information Inc.*
1530 P St. NW
Washington, DC 20005
(202) 596-7540
akole@essential.org
(Motion for Pro Hac Vice Pending)

*Attorneys for Plaintiff*

## Certificate of Service

I certify that on December 12, 2019, a copy of the **Complaint for Declaratory and Injunctive Relief** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and by certified mail.

Respectfully submitted,

*[signature]*

**Shelby R. B. Ward (**TN BPR 030394**)**
*Shelby Ward Law*
128 Whispering Oaks Drive
Lenoir City, TN 37771
(865) 205-6051
shelby@shelbywardlaw.com

*[signature]*

**Allison Kole** (DC Bar # 1031724)
*Essential Information Inc.*
1530 P St. NW
Washington, DC 20005
(202) 596-7540
akole@essential.org
(Motion for Pro Hac Vice Pending)

*Attorneys for Plaintiff*