UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

ENERGY AND POLICY INSTITUTE,
Plaintiff,

v.  No. 3:19-cv-509-TRM-DCP

TENNESSEE VALLEY AUTHORITY,
Defendant.

# DEFENDANT TENNESSEE VALLEY AUTHORITY'S ANSWER

Pursuant to the Federal Rules of Civil Procedure and 5 U.S.C. § 552(a)(4)(C), Defendant, the Tennessee Valley Authority ("TVA"), answers Plaintiff Energy and Policy Institute's Complaint (Doc. 1) as follows.

## First Defense

TVA responds to the numbered and unnumbered paragraphs of the Complaint as follows:

1. TVA admits that Plaintiff Energy and Policy Institute ("EPI") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*. Except as expressly admitted, TVA denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. TVA admits that EPI seeks relief under the judicial review provisions of FOIA set forth in 5 U.S.C. § 552(a)(4). Except as expressly admitted, TVA denies the remaining allegations set forth in paragraph 2 of the Complaint, including subparts (1)–(4) thereof.

## Jurisdiction and Venue

3. TVA admits that Plaintiff brought this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, but TVA denies that the Court has subject matter jurisdiction over this action. Except as expressly admitted, TVA denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. Admitted.

## Parties

5. TVA is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5 of the Complaint and therefore denies the same.

6. TVA admits that it is a constitutionally-authorized executive branch corporate agency and instrumentality of the United States of America organized and existing under the TVA Act of 1933, 16 U.S.C. §§ 831 to 831ee, and that it is an "agency" within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Except as expressly admitted, TVA denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. TVA is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 7 of the Complaint and therefore denies the same.

## Statutory Background

8. TVA admits that an agency may withhold agency records if the records fall within one of the nine exemptions contained within FOIA, 5 U.S.C. § 552(b)(1)–(9), but TVA states that the provisions of FOIA cited by Plaintiff in paragraph 8, 5 U.S.C. §§ 552(a)(3)(A) and 552(b)(1)–(9), speak for themselves and must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, TVA denies the allegations set forth in paragraph 8 of the Complaint.

9. TVA admits that its obligations to search for agency records is governed by FOIA and case law interpreting FOIA, which speak for themselves. Except as expressly admitted, TVA denies the allegations set forth in paragraph 9 of the Complaint.

10. TVA admits that 5 U.S.C. § 552(a)(6)(A)(i) provides that "upon any request for records made under paragraph (1), (2), or (3) of [§ 552(a)]," an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request

whether to comply with such request and shall immediately notify the person making such request of--(I) such determination and the reasons therefor; (II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and (III) in the case of an adverse determination-- (aa) the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and (bb) the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services," but TVA states that this statutory provision speaks for itself and must be read in context of the entire statutory framework and case law interpreting FOIA. TVA further states that 18 C.F.R. § 1301.5 governs the timing of TVA's responses to FOIA requests. Except as expressly admitted, TVA denies the allegations set forth in paragraph 10 of the Complaint.

11. TVA admits that Plaintiff accurately quotes, in part, the language of 5 U.S.C. § 552(a)(4)(B), but TVA states that this statutory provision speaks for itself and must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, TVA denies the allegations set forth in paragraph 11 of the Complaint.

12. TVA admits that 5 U.S.C. § 552(a)(4)(E) provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [5 U.S.C. § 552] in which the complainant has substantially prevailed," but TVA states that this statutory provision speaks for itself and must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, TVA denies the allegations set forth in paragraph 12 of the Complaint.

## Statement of Facts

**TVA membership in the Utility Air Regulatory Group and the Utility Solid Waste Activities Group**

13. TVA admits that the Utility Air Regulatory Group ("UARG") was a voluntary association of electric generating companies and organizations established to advance the interests of its members at the federal level in air quality regulation matters. TVA further admits that Hunton Andrews Kurth LLP, formerly Hunton & Williams LLP, served as counsel to UARG and each individual UARG member. TVA further admits, upon information and belief, that UARG participated in civil litigation challenging Clean Air Act regulations and participated as an intervenor in litigation to defend the Environmental Protection Agency's ("EPA") air regulations, but TVA states that UARG could not represent TVA before any legislative, judicial, or other body or take any legal or policy positions on behalf of TVA absent TVA's express written approval. Except as expressly admitted, TVA denies the allegations set forth in paragraph 13 of the Complaint.

14. TVA admits that on April 25, 2019, Jeffrey J. Lyash, TVA President and Chief Executive Officer, sent a letter to the Honorable Diana DeGette, Chair of the Subcommittee on Oversight and Investigations for the United States House of Representatives Committee on Energy and Commerce. TVA further admits that, in that letter, Mr. Lyash stated that TVA joined UARG in 1977 for an approximate duration of a year and that, while the date TVA rejoined UARG is unclear, TVA has been a member of UARG since September 1987. TVA further admits that, in the April 25, 2019 letter, based upon a search of TVA financial records, Mr. Lyash stated that TVA had contributed $7.3 million to UARG since August 2001. Except as expressly admitted, TVA denies the allegations set forth in paragraph 14 of the Complaint.

15. Upon information and belief, denied.

16. TVA admits that it is a member of USWAG, which according to USWAG's website (www.uswag.org), is an association that "includes over 130 utility operating companies, power producers, energy companies and industry associations, including the Edison Electric Institute (EEI), the National Rural Electric Cooperative Association (NRECA), the American Public Power Association (APPA), and the American Gas Association (AGA)." Except as expressly admitted, TVA denies the allegations set forth in paragraph 16 of the Complaint.

17. TVA admits that EEI's website (www.eei.org) provides that USWAG "is an informal consortium of approximately 80 utility operating companies, the Edison Electric Institute (EEI), the National Rural Electric Cooperative Association (NRECA), the American Public Power Association (APPA), and the American Gas Association (AGA)" and that "USWAG is responsible for addressing solid and hazardous waste issues on behalf of the utility industry." TVA further admits upon information and belief that EEI shares a mailing address with USWAG and admits that USWAG is represented by attorneys at Venable LLP. Except as expressly admitted, TVA denies the allegations set forth in paragraph 17 of the Complaint.

18. Upon information and belief, TVA admits that USWAG has challenged the EPA's Coal Combustion Residuals Rule, as well as intervened on behalf of the EPA to assist the EPA in defending against challenges to the Coal Combustion Residuals Rule, but TVA states that USWAG does not represent TVA before any legislative, judicial, or other body or take any legal or policy positions on behalf of TVA absent TVA's express written approval, and that the rule speaks for itself and should be read in its entirety. TVA further admits that coal ash is a byproduct of burning coal. TVA further admits that the Coal Combustion Residuals Rule was proposed in 2010, which was subsequent to the coal ash spill at TVA's Kingston Fossil Plant in Tennessee, and that the rule was finalized by EPA in 2015. Except as expressly admitted, TVA denies the allegations set forth in paragraph 18 of the Complaint.

19.     Upon information and belief, TVA admits that USWAG petitioned the EPA Administrator regarding the Coal Combustion Residuals Rule and that the EPA Administrator informed USWAG that the EPA would reconsider provisions described in USWAG's petition, but TVA states that the petition speaks for itself and should be read in its entirety and that USWAG does not represent TVA before any legislative, judicial, or other body absent TVA's express written approval. Except as expressly admitted, TVA denies the allegations set forth in paragraph 19 of the Complaint.

**Energy and Policy Institute's FOIA Request**

20.     TVA admits that on February 22, 2019, TVA received a FOIA request from Daniel Tait. Except as expressly admitted, TVA denies the allegations set forth in paragraph 20 of the Complaint.

21.     TVA admits that the FOIA request submitted by Mr. Tait requested the four items identified in paragraph 21 of the Complaint. Except as expressly admitted, TVA denies the allegations set forth in paragraph 21 of the Complaint.

22.     TVA admits that it responded to Mr. Tait's FOIA request on April 10, 2019. TVA further admits that it provided the requested payment and purchase order records and that it informed Mr. Tait that records responsive to Mr. Tait's request for final reports, recommendations, or other records provided to TVA from UARG or USWAG are exempt from disclosure under Exemption 4 and Exemption 5, but TVA states that TVA's response speaks for itself and must be read in its entirety. TVA further admits that it did not provide portions of documents withheld. Except as expressly admitted, TVA denies the allegations set forth in paragraph 22 of the Complaint.

23.     TVA admits that on March 1, 2019, Denise Smith, TVA FOIA Officer, informed Mr. Tait that TVA had received Mr. Tait's FOIA request on February 22, 2019, and that it had

6
Case 3:19-cv-00509-TRM-DCP   Document 12   Filed 01/15/20   Page 6 of 14   PageID #: 34

been assigned tracking number 5413, but TVA states that the correspondence between Ms. Smith and Mr. Tait speaks for itself and should be read in its entirety and in context. TVA further admits that on March 25, 2019, Ms. Smith informed Mr. Tait about the time it would take to complete his FOIA request and that the language quoted in part from the correspondence is accurate, but TVA states that the March 25, 2019 correspondence speaks for itself and should be read it in its entirety and in context. Except as expressly admitted, TVA denies the allegations set forth in paragraph 23 of the Complaint.

24. TVA admits that it responded to Mr. Tait's FOIA request on April 10, 2019, enclosing the requested payment and purchase order records and asserting application of FOIA Exemption 4 and FOIA Exemption 5, but TVA states that TVA's response speaks for itself and should be read in its entirety and in context. Except as expressly admitted, TVA denies the allegations set forth in paragraph 24 of the Complaint.

25. TVA admits that, in its April 10, 2019 letter to Mr. Tait, TVA explained that it was unable to provide records responsive to the request for final reports, recommendations, or other records provided to TVA from UARG or USWAG because the records are exempt from disclosure under FOIA, but TVA states that the letter speaks for itself and must be read in context. TVA further admits that the quoted language from the April 10, 2019 letter is accurate, but TVA states that this language speaks for itself and should be read in context of the entire letter. Except as expressly admitted, TVA denies the allegations set forth in paragraph 25 of the Complaint.

26. TVA admits that on April 12, 2019, Mr. Tait wrote Ms. Smith an email, in which he presented "some questions," but TVA states that the email speaks for itself and must be read in its entirety. TVA further admits that the language from the email regarding part three of Mr. Tait's request is accurately quoted in part, but TVA states that the email speaks for itself and must be read in its entirety. TVA further admits that Ms. Smith responded to Mr. Tait's April 12, 2019

email on April 17, 2019, and that the language quoted from Ms. Smith's response is accurately quoted, but TVA states that the response speaks for itself and must be read in context. Except as expressly admitted, TVA denies the allegations set forth in paragraph 26 of the Complaint.

27. TVA admits that the selected language from Mr. Tait's April 12, 2019 email is accurately quoted in part, but TVA states that the email speaks for itself and must be read in its entirety and in context. TVA further admits that the language quoted from Ms. Smith's April 17, 2019 response is accurate, but TVA states that the response speaks for itself and must be read in context. Except as expressly admitted, TVA denies the allegations set forth in paragraph 27 of the Complaint.

28. TVA admits that it received an administrative appeal from Allison Kole of Essential Information Inc. via email on May 16, 2019, regarding the FOIA request made by Mr. Tait, which was revised on May 17, 2019, and subsequently received by U.S. Mail on May 20, 2019, but TVA states that the appeal speaks for itself and must be read in its entirety and in the context of Mr. Tait's February 22, 2019 FOIA request. Except as expressly admitted, TVA denies the allegations set forth in paragraph 28 of the Complaint.

29. TVA admits that, on June 12, 2019, Janet Brewer, who at the time was Senior Vice President and Chief Communications & Marketing Officer for TVA, responded to Ms. Kole's appeal of TVA's determination regarding Mr. Tait's February 22, 2019 FOIA request, but TVA states that the response speaks for itself and should be read in context and its entirety. Except as expressly admitted, TVA denies the allegations set forth in paragraph 29 of the Complaint.

30. TVA states that, although the June 12, 2019 appeal decision does not specifically address the duty to segregate portions of exempt records or the reasonableness of the search conducted regarding parts three and four of the FOIA request, TVA had no obligation to address

those issues under 18 C.F.R. § 1301.9. Except as expressly admitted, TVA denies the allegations set forth in paragraph 30 of the Complaint.

31. TVA admits that the language from Ms. Brewer's June 12, 2019 correspondence is accurately quoted in part, but TVA states that the correspondence speaks for itself and should be read in context and its entirety. Except as expressly admitted, TVA denies the allegations set forth in paragraph 31 of the Complaint.

32. In response to the second sentence of paragraph 32 of the Complaint, TVA admits that the language from Ms. Brewer's June 12, 2019 correspondence is accurately quoted in part, but TVA states that the correspondence speaks for itself and should be read in context and its entirety. Except as expressly admitted, TVA denies the allegations set forth in paragraph 32 of the Complaint.

## Claims for Relief

### Claim 1: TVA Failed to Fulfill Agency Obligations in Response to EPI's Request

33. In response to paragraph 33 of the Complaint, TVA incorporates its answers to paragraphs 1–32 as if set forth fully here in this numbered paragraph.

34. Denied.

35. Denied.

36. Denied.

37. TVA admits that Plaintiff accurately quotes 5 U.S.C. § 552(a)(6)(F) in part, but TVA states that the statute speaks for itself and the portion quoted must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, TVA denies the allegations set forth in paragraph 37 of the Complaint.

38. Denied.

39. Denied.

*Claim 2: TVA unlawfully withheld agency records.*

40. In response to paragraph 40 of the Complaint, TVA incorporates its answers to paragraphs 1–39 as if set forth fully here in this numbered paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. TVA admits that Plaintiff accurately quotes portions of 5 U.S.C. § 552(a)(8) in part, but TVA states that the statute speaks for itself and the portions quoted must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, TVA denies the allegations set forth in paragraph 47 of the Complaint.

48. Denied.

## Request for Relief

TVA denies that Plaintiff is entitled to any relief, including the relief sought in the Complaint, or to any other relief, and that if the Court were to determine that Plaintiff is entitled to any relief, which TVA denies, Plaintiff would be entitled only to the relief provided for in FOIA.

All allegations of the Complaint not heretofore admitted, qualified, explained, or denied are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### Second Defense

The Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Third Defense

Plaintiff's Complaint is due to be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

### Fourth Defense

Plaintiff lacks standing to pursue the asserted FOIA claim.

### Fifth Defense

Plaintiff's claims are barred for failure to exhaust administrative remedies.

### Sixth Defense

Plaintiff failed to join a required party or parties to this action.

### Seventh Defense

This Court lacks jurisdiction over this action because TVA did not improperly withhold agency records.

### Eighth Defense

The FOIA request at issue in this action seeks records that are not agency records.

### Ninth Defense

In response to the FOIA request at issue in this action, TVA made a good faith effort to conduct an adequate and reasonable search for the requested records.

### Tenth Defense

No search is required for agency records responsive to the request for final reports, recommendations, or other records provided to TVA from UARG or USWAG to the extent that it would be unduly burdensome for TVA to search for and produce records responsive to the request.

### Eleventh Defense

In response to the FOIA request at issue in this action, TVA properly withheld agency records protected by FOIA exemptions.

### Twelfth Defense

Plaintiff is not entitled to compel production of agency records protected by an exemption.

### Thirteenth Defense

Business information obtained by TVA from a submitter may be disclosed under FOIA only pursuant to the terms of 18 C.F.R. § 1301.8.

### Fourteenth Defense

Because records responsive to the FOIA request at issue in this action are exempt in their entirety, no segregation is possible or required.

### Fifteenth Defense

The materials responsive to the FOIA request at issue in this action cannot be segregated because, to the extent they contain any nonexempt information, the nonexempt information is inextricably intertwined with exempt information.

### Sixteenth Defense

Providing an estimate of the volume of the requested records would harm an interest protected by a FOIA exemption.

### Seventeenth Defense

In withholding documents in response to the FOIA request at issue in this action, TVA reasonably foresaw that disclosure of documents responsive to the FOIA request would harm an interest protected by an exemption and/or that disclosure was prohibited by law.

### Eighteenth Defense

Plaintiff is not entitled to a jury trial.

### Nineteenth Defense

Defendant relies on all defenses available to it, as may be applicable, including those set forth in Rule 8 of the Federal Rules of Civil Procedure, and Defendant reserves the right to amend

this Answer during the litigation of this matter should additional affirmative or other defenses become relevant.

WHEREFORE, Defendant requests that the Court enter judgment in its favor and against Plaintiff, and award Defendant its costs, attorney fees, and any other relief that the Court deems appropriate.

Respectfully submitted,

*s/Jill E. McCook*
DAVID D. AYLIFFE (TN BPR 024297)
   *Associate General Counsel*

MARIA V. GILLEN (TN BPR 030655)
JILL E. MCCOOK (TN BPR 033813)
   *Attorneys*

*Tennessee Valley Authority*
*Office of the General Counsel*
*400 West Summit Hill Drive*
*Knoxville, Tennessee 37902-1401*
*Telephone 865.632.3485*
*ddayliffe@tva.gov*
*mvgillen@tva.gov*
*jemccook@tva.gov*

Attorneys for Defendant
Tennessee Valley Authority

## CERTIFICATE OF SERVICE

I certify that, the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Jill E. McCook*
Attorney for Tennessee Valley Authority
